UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| LEROY YOUNG          ]<br>    Plaintiff,     ]<br>                     ]<br>v.                   ]<br>                     ]<br>DAVIDSON COUNTY SHERIFF'S ]<br>OFFICE MAIL ROOM, et al. ]<br>    Defendants.    ] | No. 3:11-0643<br>Judge Sharp |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the mail room at the Criminal Justice Center, and three members of the jail staff, seeking unspecified relief.

On two occasions, the plaintiff lost property he had either placed in the mail or was receiving through the mail at the Criminal Justice Center. The plaintiff believes that his property (family photos) was probably lost in the mail room. He seeks redress for the loss of this property.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

A prisoner's claim for the loss of personal property fails to state a cognizable action under 42 U.S.C. § 1983, *Id.*, even if the loss of property was the result of intentional misconduct. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). This general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-436 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. <u>McLaughlin v. Weathers</u>, 170 F.3d 577, 581-82 (6th Cir.1999). Therefore, in the absence of any allegations suggesting that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the plaintiff has failed to state a claim upon which relief can be granted.

When a prisoner plaintiff has failed to state a claim, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, an appropriate order will be entered dismissing this action.

                                                  _____
                                                  Kevin H. Sharp
                                                  United States District Judge